1    SCOTT J. HYMAN (State Bar No. 148709)
     sjh@severson.com
2    SEVERSON & WERSON
     A Professional Corporation
3    The Atrium
     19100 Von Karman Avenue, Suite 700
4    Irvine, California 92612
     Telephone: (949) 442-7110
5    Facsimile: (949) 442-7118

6    ALISA A. GIVENTAL (State Bar No. 273551)
     aag@severson.com
7    SEVERSON & WERSON
     A Professional Corporation
8    One Embarcadero Center, Suite 2600
     San Francisco, California 94111
9    Telephone: (415) 398-3344
     Facsimile: (415) 956-0439
10
     Attorneys for Defendant WELLS FARGO
11   BANK, N.A.

12

13                      UNITED STATES DISTRICT COURT

14          NORTHERN DISTRICT OF CALIFORNIA — SAN JOSE DIVISION

15

16   JEFFREY CRETER,                        Federal Case No.: CV 13-01498 PSG

17            Plaintiff,                     State Case No.: 113CV242230

18       vs.                                 **WELLS FARGO BANK N.A.'S NOTICE
                                             OF REMOVAL**
19   WELLS FARGO BANK, NATIONAL
     ASSOCIATION an FDIC insured corporation
20   and DOES 1 through 100 inclusive,

21            Defendant.

22

23   **TO THE CLERK OF THE ABOVE-ENTITLED COURT; THE HONORABLE UNITED**

24   **STATES DISTRICT JUDGE AS ASSIGNED; PLAINTIFF AND HIS ATTORNEYS OF**

25   **RECORD:**

26            PLEASE TAKE NOTICE that defendant Wells Fargo Bank, N.A. ("Wells Fargo"), hereby

27   provides this Notice of Removal based on federal question jurisdiction, pursuant to 28 U.S.C.

28   § 1446, and hereby removes to this Court the state court action described below.

07685.1223/2638363.1

# I. THE STATE COURT ACTION

On March 5, 2013, plaintiff Jeffrey Creter ("Plaintiff") filed the complaint in Case No. 113CV242230, entitled as captioned above, in the Superior Court of the State of California, County of Santa Clara (the "State Court Action").

In the Complaint Plaintiff asserts three causes of action: (1) violation of Fair Credit Reporting Act; (2) violation of California Consumer Credit Reporting Agencies Act; and (3) violation of California Unfair Business Practices Act.

Plaintiff served Wells Fargo on March 13, 2013.

Attached collectively hereto as **Exhibit A** are a copy of the complaint and all other papers in Wells Fargo's possession either filed by Plaintiff or issued by the Court as of the time of filing this Notice of Removal.

# II. FEDERAL QUESTION JURISDICTION

1.       This is a civil action over which this Court has original jurisdiction. 28 U.S.C. § 1331 (governing federal question jurisdiction). The state court action is removable pursuant to 28 U.S.C. § 1441(b) because it arises under the Fair Credit Reporting Act—15 U.S.C. § 1681s-2(b)—a federal statute.

2.       In addition, this Court has supplemental jurisdiction over the remaining two claims listed in Plaintiff's complaint, which purport to be grounded in state law. *See* 28 U.S.C. §§ 1367(a) and 1441(c).

# III. TIMELINESS

This Notice is timely, pursuant to 28 U.S.C. § 1446(b), because Wells Fargo was served with the complaint on March 13, 2013.

# IV. OTHER PERTINENT INFORMATION

A.       Pursuant to 28 U.S.C. § 1446(a), Wells Fargo files this Notice in the District Court of the United States for the district and division within which the State Court Action is pending. As such, this case is being removed to the United States District Court for the Northern District of California, San Jose Division, because the State Court Action is pending in Santa Clara County. See 28 U.S.C. § 1441(a); Civil L.R. 3-2(e).

1    B.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice with its attachments will
2  promptly be served on plaintiff in the State Court Action, and notice thereof will be filed with the
3  clerk of the Santa Clara County Superior Court.
4    WHEREFORE, Wells Fargo hereby removes Santa Clara County Superior Court Case
5  No. 113CV242230 to the United States District Court for the Northern District of California.
6
7  DATED: April 3, 2013                     SEVERSON & WERSON
8                                           A Professional Corporation
9
10                                          By:  _____ /s/ Alisa A. Givental _____
11                                                      Alisa A. Givental
12                                          Attorneys for Defendant WELLS FARGO BANK, N.A.
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

07685.1223/2638363.1                          3
WELLS FARGO BANK N.A.'S NOTICE OF REMOVAL

Exhibit A

RECEIVED

MAR 18 2013
53928-020
WELLS FARGO
LAW DEPT. DSM

CP -4

<div style="border: 1px solid;">

**THIS PAGE IS PART OF THE
SERVICE OF PROCESS DOCUMENT**

**DO NOT REMOVE**

</div>

673799 (old #445492)

# Legal Order Processing
# Fax Cover Sheet



**TO:** Subpoena Processing   **FAX** (866) 359-9145

**Note:** Only bank officers or designated team members who have authority to accept legal orders and notices documented in the Special Authorities/Responsibility/Restrictions section of their authority card can accept legal orders.

1. Immediately upon receipt, complete the following information for each legal order received.

Type of Legal Order Received    ☐ Subpoena's   ☐ Search Warrants   ☑ IRS Summonses

Store name    *SAN JOSE MAIN*    Phone *408277653*

MAC    *A0503-017*    AU    *0460*

Team member's name that was served the legal order    *Liliana Castor*

Date the legal order was served    *13/13/13*

How was the legal order served?   ☑ In Person   Received via mail   ☐ Other
                                                ☐ Regular mail
                                                ☐ Certified mail
                                                ☐ Overnight (e.g. DHL) mail

Time the legal order was served    *5:20*

2. Fax this cover page along with a copy of all documents pertaining to the legal order, to Subpoena Processing using the fax number indicated above. Forward the following to the Subpoena Processing Department at MAC S3928-020.

   • All original documents (including the envelope if the legal order was served via mail).
   • Any payment received. Note: If cash is received, convert the cash to a Branch Settlement ticket prior to sending.

Questions -Contact the Legal Order Processing Department at (480) 724-2000

03-14-13 A08:56 IN

# SUMMONS
## (CITACION JUDICIAL)



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

2013 MAR -5  AM 11: 52

Superior Court
Santa Clara County

By: _____ S. Smith _____ Deputy Clerk

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Wells Fargo Bank, National Association an FDIC insured corporation
and DOES 1 through 100 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jeffrey Creter

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Clara

**Case Number:** 1 1 1 CV 1 4 2 8 6 0

191 North First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Elliot Gale, 333 West San Carlos Street, Suite 620 San Jose, CA 95110, 1-408-279-2288

| | | | | |
|---|---|---|---|---|
| DATE: January 18, 2013 | MAR 5 2013 | Clerk, by S. Smith | | , Deputy |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

SCOTT J. SAGARIA (BAR # 217981)
ELLIOT W. GALE (#263326)
SAGARIA LAW, P.C.
333 West San Carlos Street, Suite 1750 San Jose, CA 95110
TELEPHONE NO.: 408-279-2288       FAX NO.: 408-279-2299
ATTORNEY FOR (Name): Jeffrey Creter

ENDORSED

2013 MAR -5  AM 11: 52

Chief Clerk of the Superior Court
County of Santa Clara, California

By:                    Deputy Clerk
                                        S. Smith

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Civil

CASE NAME:
Creter v. Wells Fargo Bank, National Association

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [ ] Unlimited [✓] Limited (Amount (Amount demanded demanded is exceeds $25,000) $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 113CV242200 |
| | | JUDGE: |
| | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Three
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 4, 2013
Elliot Gale
(TYPE OR PRINT NAME)                                    ►              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both in a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

(ENDORSED)

2013 MAR -5   A 11:52

Davd H. ___ ___ of Superior Court
County of ___ ___
By ___, Deputy Clerk

1  SCOTT J. SAGARIA (BAR # 217981)
   SJSagaria@sagarialaw.com
2  ELLIOT W. GALE (BAR #263326)
   Egale@sagarialaw.com
3  SAGARIA LAW, P.C.
   333 West San Carlos Street, Suite 620
4  San Jose, CA 95110
   408-279-2288 ph
5  408-279-2299 fax

6  Attorneys for Plaintiff

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF SANTA CLARA

10                     LIMITED JURISDICTION

11

12                                   CASE NO. 113CV242200

13

14                                   COMPLAINT FOR DAMAGES:

15  JEFFREY CRETER,                  1.  Violation of Fair Credit Reporting Act;
                                     2.  Violation of California Consumer Credit
16             Plaintiff,                Reporting Agencies Act;
                                     3.  Violation of California Unfair Business
17       v.                              Practices Act

18
   WELLS FARGO BANK, NATIONAL
19 ASSOCIATION an FDIC insured
   corporation and DOES 1 through 100
20 inclusive,

21
             Defendants.
22

23

24  COMES NOW Plaintiff JEFFREY CRETER, an individual, based on information and belief, to

25  allege as follows:

26

27

28

                              COMPLAINT - 1

## INTRODUCTION

1. This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of a prepetition debt discharged in bankruptcy. In particular, Defendants' conduct involves inaccurately reporting Plaintiff's account as "charged off" and "120 days past due" to Transunion and Experian after receiving notice of Plaintiff's bankruptcy discharge. In addition, Defendant failed to report the debt as disputed to Equifax. Plaintiff seeks monetary and declaratory relief based on violations of Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), California Consumer Credit Reporting Act, California Civil Code §1785.25(a), and California Business and Professions Code § 17200. .

## JURISDICTION AND VENUE

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

3. Plaintiff, Jeffrey Creter (hereinafter "Plaintiff"), is an individual and currently resides in the county of Santa Clara, California.

4. This venue is proper pursuant to California Code of Civil Procedure § 395.5.

5. This Court has jurisdiction over Plaintiff's allegations pursuant to California Code of Civil Procedure § 410.10 et seq.

6. Plaintiff is a natural person and competent adult who at all relevant times in this Complaint resided in the State of California.

7. Defendant Wells Fargo Bank, National Association (hereinafter "Creditor") is located at 101 N. Phillips Avenue Sioux Falls, SD 57104. Creditor collects debts on its own behalf throughout the state of California.

8. Plaintiff is unaware of the true names and capacities of Defendants DOES 1 through 100, inclusive. Plaintiff is informed and believes and thereon alleges that each fictitious Defendant was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore. When the exact nature and identity of each fictitious Defendant's responsibility for the matters and things herein alleged are ascertained by Plaintiff, Plaintiff will seek to amend this Complaint

COMPLAINT - 2

1   and all proceedings to set forth the same, pursuant to California Code of Civil

2   Procedure 474..

3   9. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned

4      herein, each of Defendant is, and at all relevant times herein was, the agent, employee,

5      and alter ego of each of the remaining Co-Defendants, and in committing the acts

6      herein alleged, was acting in the scope of their authority as such agents, employees, or

7      alter egos and with the permission and consent of the remaining Co-Defendants.

8                          PRE-LITIGATION CLAIM FILINGS

9   10. On or about October 12, 2012 Plaintiff sent the three credit reporting agencies

10     ("CRA's"), Experian, Transunion, and Equifax, written notices disputing the accuracy

11     of the "charge off" notation reported on Plaintiff's discharged credit account. Pursuant

12     to Section 1681i(a)(2) of the Fair Credit Reporting Act, all three credit reporting

13     agencies notified Creditor of Plaintiff's dispute. After receiving notice of Plaintiff's

14     allegations, Creditor updated its records with all three CRA's to reflect that Plaintiff

15     included the account in his bankruptcy petition. Creditor, thereafter, re-reported the

16     status of the account as "charged off" to Transunion and Equifax while also failing to

17     report that Plaintiff disputed the account information.

18                          GENERAL ALLEGATIONS

19  11. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and

20     every paragraph above, as though fully set forth herein.

21  12. On March 26, 2008 Plaintiff filed a voluntary Chapter 7 bankruptcy petition in the

22     United States Bankruptcy Court for the Western District of Washington.

23  13. In the Schedules filed with the petition in this case and on the master mailing matrix

24     filed with the Clerk of this Court, an unsecured debt was listed on Schedule F in favor

25     of Creditor in the amount of $1,225.34.

26  14. On August 25, 2008 Plaintiff was granted a discharge of all dischargeable debts

27     pursuant to 11 U.S.C. § 727. Creditor was noticed by electronic transmission of

28     Plaintiff's discharge on August 26, 2008. Since Plaintiff never re-affirmed Creditor's

COMPLAINT - 3

1    debt during bankruptcy, Plaintiff alleges that this Discharge included the debt owed to

2    Creditor.

3  15. On August 13, 2012 Plaintiff pulled credit reports from Experian, Equifax, and

4      Transunion to ensure accurate reporting. The reports indicates that Creditor reported

5      the status of the account to all three CRA's as "charged off" after Plaintiff received a

6      bankruptcy discharge.

7  16. Plaintiff alleges the information was misleading and inaccurate. Plaintiff alleges the

8      "charge off" notation was inaccurate because it suggests that the account Defendant

9      still has the ability to enforce the debt personally against Plaintiff. Plaintiff alleges that

10     the "charge off" notation was also inaccurate because it violates the industry standard

11     for credit reporting under the Metro 2 Format. Plaintiff alleges that upon entry of the

12     discharge order, Defendant instead should have updated its records and reported the

13     account as "discharged in bankruptcy."

14  17. On or about October 12, 2012 Plaintiff sent a letter to the CRA's Experian, Transunion,

15     and Equifax requesting a formal, full, and complete investigation of Creditor's account

16     with Plaintiff. Specifically, Plaintiff disputed the accuracy of the "charge off" notation

17     Defendant reported on the account after entry of the discharge order. Plaintiff alleges

18     all three CRA's sent notice of Plaintiff's dispute to Creditor.

19  18. On or about November 14, 2012 Plaintiff received reinvestigation reports from Equifax,

20     Experian, and Transunion. Plaintiff alleges the reports state that Creditor corrected the

21     "charge off" notation and reported the account as "discharged in bankruptcy."

22  19. On or about November 19, 2012 Plaintiff received reinvestigation reports from

23     Transunion and Experian. Plaintiff alleges the report indicates Creditor re-reported the

24     status of the account as "charged off" and "120 days past due."

25  20. To date, Creditor still refuses to correct Plaintiff's credit report despite being noticed of

26     the original bankruptcy and re-noticed of its inaccurate reporting from Experian,

27     Equifax, and Transunion.

28  21. The actions of Creditor as alleged herein are acts in violation of the Fair Credit

       Reporting Act, 15 U.S.C. § 1681s-2(b).

1   22. The actions of Creditors as alleged herein are acts in violation of the consumer credit

2   reporting agencies act California Civil Code § 1785.25(a).

3   23. The actions of Creditors as alleged herein are acts in violation of the California

4   Business and Professions Code § 17200.

5                          **FIRST CAUSE OF ACTION**
                          (Violation Of Fair Credit Reporting Act
6                              15 U.S.C. § 1681s-2(b))
7                        (Against Defendant Creditor and Does 1-100)

8   24. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and

9   every paragraph above, as though fully set forth herein.

10  25. Creditor, in the course of regular business, reports information to credit reporting

11  agencies.

12  26. Plaintiff promptly disputed Creditor's inaccurate reporting with Experian, Transunion,

13  and Equifax. All three CRA's sent notice of Plaintiff's dispute to Creditor pursuant to

14  Section 1681i(a)(2) of the Fair Credit Reporting Act. Creditor was thereafter under a

15  duty to reasonably investigate Plaintiffs dispute pursuant to Section 1681s-2(b).

16  27. Plaintiff alleges that the results he received from the CRA's indicate Creditor

17  concluded that the account information was inaccurate following its investigation.

18  28. Plaintiff alleges that upon conclusion of its investigation, Creditor was obligated to

19  notify all three CRA's of its past misreporting and prevent any future misreporting

20  pursuant to 15 U.S.C. § 1681s-2(b)(1)(E).

21  29. Plaintiff alleges Creditor violated Section 1681s-2(b)(1)(D)-(E) by re-reporting

22  Plaintiff's discharged credit account as "charged off" after updating its records in

23  response to Plaintiff's dispute with the CRA's.

24  30. Plaintiff is informed that Creditor separately violated Section 1681s-2(b) by failing to

25  report to Transunion and Experian that the account information was in dispute after

26  receiving notice of Plaintiff's dispute from both CRA's.

27  31. Creditor's failure to correct the previously disclosed inaccuracies on Plaintiff's credit

28  report was intentional and in reckless disregard of its duty to refrain from reporting

COMPLAINT - 5

inaccurate information. Consequently, creditor willfully and negligently failed to

comply with its duty to investigate Plaintiff's dispute under 15 U.S.C. § 1681(n) & (o).

32. As a direct and proximate result of Creditor's willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiff's counsel's office, sending demand letters, continued impairment to her credit score, denial of credit, and such further expenses in an amount to be determined at trial.

33. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors, additional credit from other credit agencies, suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character.

34. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION
(Violation Of Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants Creditor and Does 1-100)

35. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

36. Creditor, in the ordinary course of business, regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies.

37. Creditor intentionally and knowingly reported inaccurate and false information. Plaintiff alleges that Creditor reported the account status as "charged off" to Transunion and Experian after entry of the discharge order. Plaintiff alleges Creditor's actions violated California Civil Code § 1785.25(a).

38. Creditor had reason to know reporting to Transunion and Experian was inaccurate. Plaintiff alleges that the disputes, credit reporting resource guide, and the results of its own investigation provided Creditor notice of its inaccurate reporting.

39. Creditor failed to notify consumer reporting agencies that the information Defendant provided such agencies, was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

40. Creditor failed to correct inaccurate information provided to the agencies as described hereinabove in violation of California Civil Code § 1785.25(a).

41. Creditor's communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

42. As a direct and proximate result of Creditors willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiff's counsel's office, sending demand letters, continued impairment to her credit score, denial of credit, and such further expenses in an amount to be determined at trial.

43. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors, additional credit from other credit agencies, suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character.

44. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Unfair Business Practices Act
California Business and Professions Code § 17200)
(Against Defendant Creditor and Does 1-100)

45. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

46. Plaintiff brings this action in individual capacity and on behalf of the general public.

47. Creditor at all times relevant to this Complaint, was engaged in the business of collections and providing services on credit to qualified applicants.

03/18/2013  1:26PM (GMT-05:00)

1    48. Commencing on or about January 18, 2012 and continuing to the present, Creditor
2        committed the acts of unlawful practices as defined by Business and Professions Code
3        § 17200 and described in the above stated Causes of Action.
4    49. Creditor's acts and practices described above were unlawful under the California Civil
5        Code § 1785.25(a) and therefore constitute unlawful practices within the meaning of
6        Business and Professions Code § 17200.
7    50. These unlawful business practices of Creditor are likely to continue and therefore will
8        continue to injure Plaintiff by inaccurate record keeping, failure to correct inaccuracies
9        and erroneous dissemination of inaccurate information, and present a continuing threat
10       to the public.
11   51. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

13   WHEREFORE, Plaintiff prays for judgment as follows:

14       a.  For preliminary and permanent injunctive relief to stop Defendants from
15           engaging in the conduct described above;
16       b.  Award $10,000 in statutory and actual damages pursuant to 15 U.S.C. § 1681n
17           and California Civil Code § 1785.31;
18       c.  Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. §
             1681n & o; California Civil Code § 1785.31;
19       d.  For determination by the Court that Creditor's policies and practices are
20           unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and California
21           Business and Professions Code § 17200, et seq.;
22       e.  For determination by the Court that Creditor's policies and practices are
23           unlawful and in negligent violation of 15 U.S.C. § 1681o
24
25
26
27
28

COMPLAINT - 8

1    ## DEMAND FOR JURY TRIAL

2    Plaintiff hereby demands trial of this matter by jury.

3

4                                        SAGARIA LAW, P.C.

5

6    Dated: March 4, 2013          By:

7                                        Scott Sagaria, Esq.
                                         Elliot Gale, Esq.
8                                        Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   COMPLAINT - 9

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER **113CV242890**

## PLEASE READ THIS ENTIRE FORM

<u>PLAINTIFF</u> (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

> <u>DEFENDANT</u> (The person sued): You must do each of the following to protect your rights:
>
> 1. You must file a **written response** to the *Complaint*, using the proper legal form or format, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint*;
> 2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
> 3. You must attend the first Case Management Conference.
>
> **Warning: If you, as the Defendant, do not follow these instructions,**
> **you may automatically lose this case.**

<u>RULES AND FORMS:</u> You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

<u>CASE MANAGEMENT CONFERENCE (CMC):</u> You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

> Your Case Management Judge is: **Honorable Peter Kirwan**     Department:   **8**
>
> The 1st CMC is scheduled for: (Completed by Clerk of Court)
>     Date: _____ **JUL – 2 2013** Time: **3:00 PM** in Department: **8**
>
> The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
>     Date: _____ Time: _____ in Department: _____

<u>ALTERNATIVE DISPUTE RESOLUTION (ADR):</u> If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

<u>WARNING:</u> Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

03/18/2013  1:26PM  (GMT-05:00)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
< The parties want a non-adversary procedure
< The parties have a continuing business or personal relationship
< Communication problems are interfering with a resolution
< There is an emotional element involved
< The parties are interested in an injunction, consent decree, or other form of equitable relief

< Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
< The parties are far apart in their view of the law or value of the case
< The case involves a technical issue in which the evaluator has expertise
< Case planning assistance would be helpful and would save legal fees and costs
< The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

03/18/2013  1:26PM (GMT-05:00)